O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOSE ARMANDO CRUZ-GUTIERREZ,<br><br>　　　　Defendants. | Case No. ED CR 14-0068-VAP<br><br>**ORDER DENYING PETITIONER'S MOTION FOR ABEYANCE FOR OR EXTENSION OF TIME FOR FILING MOTION UNDER 28 U.S.C. § 2255**<br><br>**[Motion filed on Aug. 6, 2015 ]** |

## I.  SUMMARY OF PROCEEDINGS

On August 6, 2015, pro se Petitioner Jose Armando Cruz-Gutierrez ("Petitioner") filed a "Motion for Abeyance for 2255 Petition or Extension of Time"("§ 2255 Motion").  (See Doc. No. 38.)  On August 25, 2015, Respondent United States of America served and filed its Opposition ("Opp'n").  (See Doc. No. 40.)

## II.  BACKGROUND

On October 23, 2014, Petitioner pled guilty to a single-count information charging a violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2), Illegal Alien Found in the United States Following Deportation.  (Doc. No. 36.)

Petitioner entered his guilty plea under an early disposition or "fast track" plea agreement; his agreed-upon sentence in the binding plea agreement was based in part on his criminal history category, which included his 2002 assault conviction. The Court sentenced Petitioner to 57 months of imprisonment, followed by a three-year period of supervised release, and a $100 special assessment.  (Id.)

AEDPA mandates that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1); see also Lawrence v. Florida, 549 U.S. 327, 329, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007); Laws v. Lamarque, 351 F.3d 919, 921 (9th Cir. 2003).  After the one-year limitation period expires, the prisoner's "ability to challenge the lawfulness of [his] incarceration is permanently foreclosed."  Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002).

Petitioner's Motion contends the Court should grant an extension of time or hold the § 2255 proceeding in abeyance until the Superior Court rules on Petitioner's motion to reduce to a misdemeanor or dismiss his 2002 conviction for an aggravated felony. (§ 2255 Motion at 1-2.). Petitioner argues he pled guilty in 2002 because he was "young and was coerced by counsel into pleading guilty for a crime [] which he did not commit," and that he was "just present during the incident." (Id.) He avers he is now "seeking to procure affidavits from those involved in order to exonerate himself." (Id.)

### III.   DISCUSSION

In Rhines v. Weber, the Supreme Court held that a stay of a habeas petition is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court" and "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." 544 U.S. 269, 277 (2005).

The Motion is denied because Petitioner's "unexhausted claims are plainly meritless." Id. Petitioner has not explained how he intends to seek relief in the Superior Court. Construing his Motion liberally, there appear to be two means by which he could present his argument that his 2002 conviction should be

reduced or dismissed.  First, Petitioner could file a habeas corpus petition alleging ineffective assistance of counsel, or, second, Petitioner could file a motion pursuant to Proposition 47 to reduce his felony conviction to a misdemeanor.  See Cal. Penal Code § 1170.18.  As Petitioner has failed to show he is likely to succeed in his attempts to set aside or reduce his conviction in the state court, the Court finds there is no good cause to grant an extension of time to file his section 2255 motion.

**A. Petitioner's Habeas Claim**

If Petitioner attacks his 2002 felony conviction via a petition for writ of habeas corpus, that effort is doomed because he is no longer in custody for that conviction.  (See Doc. No. 20, Plea Agreement, at 6.) (Defendant sentenced to three years custody in 2002, and was deported upon his release in 2003.)  Under California Penal Code § 1473(a), a petitioner must be in custody to challenge a conviction in California courts.  See Cal. Penal Code § 1473(a).  In People v. Villa, the court held that, although the petitioner was in federal custody, the petitioner was ineligible for habeas corpus relief because he was not in custody "as a result of his 1989 conviction."  45 Cal. 4th 1063, 1066 (2009).  Accord People v. Aguilar, 173 Cal. Rptr. 3d, 473 (Ct. App. 2014)(denying a petitioner's motion because he was no

longer in custody). Here, as petitioner is no longer in custody on his 2002 conviction, a habeas corpus petition would fail.

**B.  Petitioner's Potential Proposition 47 Motion**

Any attempt by petitioner to reduce or dismiss his 2002 conviction is likely to be futile because it is not one of the eligible, enumerated crimes that can be reduced under Proposition 47. Proposition 47, "the Safe Neighborhoods and Schools Act," reduced the penalties for certain drug- and theft-related offenses to misdemeanors, provided the defendant does not have a disqualifying prior conviction. See Cal. Penal Code § 1170.18. See also People v. Rivera, 233 Cal. App. 1085, 1091 (2015). Under California Penal Code §§ 1170(a) and 1170(b), qualifying offenses for reduced penalties are limited to those that fall under §§ 11350, 11357, or 11377 of the Health and Safety Code, or §§ 495.5, 473, 476a, 490.2, 496, or 666 of the Penal Code. Cal. Penal Code § 1170.18. Petitioner was convicted under California Penal Code § 245(a)(1), which cannot be challenged under Proposition 47. See Cal. Penal Code § 1170.18. A claim for relief under Proposition 47 thus would fail.

## IV.   CONCLUSION

As Petitioner's state court petition is "plainly meritless," and Petitioner has not shown good cause, the Court DENIES the Motion for abeyance for or extension of time for filing motion under 28 U.S.C. § 2255 Petition.

Dated: October 22, 2015

/s/ Virginia A. Phillips
VIRGINIA A. PHILLIPS
United States District Judge